**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

SHAWNA FISHER,

    Plaintiff,

v.                              CIVIL ACTION NO.: 2:17-cv-03754

STATE FARM FIRE AND
CASUALTY INSURANCE COMPANY,
a foreign corporation,

    Defendant.

**NOTICE OF REMOVAL**

    Comes now the defendant, State Farm Fire and Casualty Company, improperly denominated in plaintiff's complaint as State Farm Fire and Casualty Insurance Company, and gives notice of removal of the above captioned matter from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia.

    1.   On May 25, 2017, plaintiff filed her complaint, attached as Exhibit A, styled "*Shawna Fisher, Plaintiff, v. State Farm Fire and Casualty Insurance Company, Defendant*," Civil Action No. 17-C-722 in the Circuit Court of Kanawha County, West Virginia.

    2.   The Secretary of State accepted the summons and complaint for defendant State Farm Fire and Casualty Company on July 7, 2017.  (Ex. B.) This Notice of Removal is timely pursuant to 28 U.S.C. §1446, as it is filed within thirty days of service of the summons and complaint.  A copy of the docket sheet and all

process, pleadings and Orders from the Circuit Court of Kanawha County, West Virginia are attached as Exhibit C.

3. This action is removable pursuant to 28 U.S.C. §1332(a), as this is a civil action wherein the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, it is between citizens of different states and no defendant is a resident of the forum state.

4. Plaintiff asserts that on or about May 26, 2015, her home and the contents of the home were destroyed by fire and her losses exceed the policy limits of the policy issued by State Farm Fire and Casualty Company. (Compl. ¶¶ 3-5.)

5. Based upon those alleged facts, plaintiff contends that State Farm Fire and Casualty Company violated the Unfair Trade Practices Act. (Compl. Count I.)

6. Plaintiff cannot and did not plead a specific amount in controversy in the *ad damnum* clause. See W. Va. Code §55-7-25. Likewise, plaintiff did not file, contemporaneously with the complaint, a formal, binding pre-removal stipulation, signed by plaintiff and counsel, limiting the amount in controversy to less than $75,000.00. *McCoy v. Erie Ins. Co.,* 147 F. Supp.2d 481, 485 (S.D.W. Va. 2001).

7. Plaintiff's complaint reveals, by a preponderance of the evidence pursuant to 28 U.S.C. §1446(c)(2)(B), that the

2

amount in controversy exceeds $75,000.00, exclusive of interest and costs.

    8.   State Farm Fire and Casualty Company policy 48-BF-Q507-9 was in force at the time of the fire and, pursuant to the terms and conditions of the policy, provided coverage for plaintiff's fire loss. The policy provided:

    a.   Coverage A - Dwelling with limits of $132,703;

    b.   Coverage B - Personal Property with limits of $99,572;

    c.   Coverage C - Loss of Use - actual loss sustained;

    d.   Option ID (Increased Dwelling) - $26,540.60; and,

    e.   Debris removal of 5% of Coverage A limits ($6,635.15) and 5% of Coverage B limits ($4,223.46).

Plaintiff had a $2,000 deductible on her policy.

    9.   State Farm Fire and Casualty Company has paid plaintiff the available limits of $132,703 under Coverage A; the Option ID limits of $26,540.60; $6,635.15 for debris removal under Coverage A; $4,223.46 for debris removal under Coverage B; $69,731.93 for contents under Coverage B; and, additional living expenses of $19,443.28, for total payments of $259,277.42.

    10.   The complaint does not specify the basis for plaintiff's disagreement with State Farm Fire and Casualty Company's payments. However, the only coverage under which contractual benefits are still available is Coverage B.

11. The Coverage B limits are $99,527. State Farm Fire and Casualty Company has paid $69,731.93 in Coverage B benefits, leaving $29,175.72 in remaining Coverage B limits.

12. Plaintiff seeks compensatory damages and attorney's fees. (Compl., *ad damnum* clause.) Under West Virginia law, compensatory damages for alleged violation of the Unfair Trade Practices Act include damages for aggravation, annoyance and inconvenience. *Dodrill v. Nationwide Mut. Ins. Co.*, 491 S.E.2d 1 (W. Va. 1996). Furthermore, should plaintiff substantially prevail upon her claim for coverage benefits, then she may recover attorney's fees. Pursuant to *Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73, 80 (W. Va. 1986), attorney's fees presumptively are one-third of the face value of the policy at issue. In this case, the policy limits for Coverage B, the contents coverage, were $99,527. One-third of that amount is $33,142.49.

13. In addition, plaintiff seeks recovery of punitive damages. (Compl., *ad damnum* clause.) A claim for punitive damages "inevitably inflates a plaintiff's potential recovery." *Bryant v. Wal-Mart Stores East, Inc.*, 117 F. Supp.2d 555, 556 (S.D.W. Va. 2000). Under West Virginia law, plaintiff may recover punitive damages up to four times the amount of compensatory damages or up to $500,000, whichever is greater. *See* W. Va. Code §55-7-29.

14. Considering the remaining Coverage B benefits of $29,795.07 and the claim for attorney's fees in the amount of $33,142.49, which total $62,937.56, plus the claim for aggravation, annoyance and inconvenience, and the claim for punitive damages, the amount in controversy exceeds the sum of $75,000.

15. Complete diversity of citizenship exists as plaintiff is a citizen of the State of West Virginia. (Compl. ¶ 1.)

16. State Farm Fire and Casualty Company is a corporation, incorporated in the State of Illinois, with its principal place of business in the State of Illinois.

17. Your defendant, State Farm Fire and Casualty Company, therefore asserts that this Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332(a) and this action constitutes a matter, pursuant to 28 U.S.C. §1441(a), which may be removed by State Farm Fire and Casualty Company to this Court, as this Court has original jurisdiction.

**WHEREFORE**, for the foregoing reasons, your defendant, State Farm Fire and Casualty Company, respectfully request that the action now pending against it by Shawna Fisher, in the Circuit Court of Kanawha County, West Virginia be removed to this Court.

s/R. Carter Elkins

Of Counsel for Defendant State Farm Fire and Casualty Company

R. Carter Elkins
W. Va. State Bar I.D. 1116
Laura L. Gray
W. Va. State Bar I.D. 5240

Elkins Ray, PLLC
1108 Third Avenue, Suite 700
Post Office Box 730
Huntington, West Virginia 25711-0730
(304) 522-2015
relkins@elkinsray.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

SHAWNA FISHER,

       Plaintiff,

v.                                 CIVIL ACTION NO.:  2:17-cv-03754

STATE FARM FIRE AND
CASUALTY INSURANCE COMPANY,
a foreign corporation,

       Defendant.

**CERTIFICATE OF SERVICE**

       The undersigned, of counsel for defendant State Farm Fire and Casualty Company, does hereby certify that the foregoing Notice of Removal has been served upon the following by mailing a true copy of the same this date, postage prepaid, to:

               James M. Pierson, Esquire
                Pierson Legal Services
                Post Office Box 2291
          Charleston, West Virginia 25328

       Done this 4th day of August, 2017.

                                       <u>s/R. Carter Elkins</u>
                                       Of Counsel for Defendant State Farm Fire
                                       and Casualty Company

R. Carter Elkins
W. Va. State Bar I.D. 1116
Laura L. Gray
W. Va. State Bar I.D. 5240

Elkins Ray, PLLC
1108 Third Avenue, Suite 700
Post Office Box 730
Huntington, West Virginia 25711-0730
(304) 522-2015
relkins@elkinsray.com