UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

SHAWNA FISHER,

    Plaintiff,

v.                                           Civil Action No. 2:17-cv-3754

STATE FARM FIRE AND
CASUALTY INSURANCE COMAPNY,
a foreign corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is the motion to dismiss of defendant State Farm Fire and Casualty Company, filed August 4, 2017.

I.

On May 25, 2017, Shawna Fisher, a resident of West Virginia, initiated this action against State Farm Fire and Casualty Insurance Company ("State Farm") in the Circuit Court of Kanawha County.  On August 4, 2017, State Farm timely filed notice of removal, invoking this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Not. Removal ¶ 3.  Ms. Fisher seeks compensatory and punitive damages against defendant as well as attorney's fees.  Compl. ¶ 27.

1

On May 26, 2015, plaintiff's home and possessions therein were destroyed by a fire. Compl. ¶ 3. Plaintiff filed a claim for the destruction of this property under the fire and casualty insurance policy issued to her by defendant, but asserts that her losses exceeded the limits of this policy. Id. at ¶ 4-5.

Ms. Fisher's complaint asserts one count alleging that "defendant violated their [sic] duties described in [the Unfair Trade Practices Act], and specifically violated . . . the provisions of West Virginia Code 33-11-4." Id. at ¶ 12. She alleges particular harms under W. Va. Code § 33-11-4(9)(b-g) and (m-n) which prohibits unfair claim settlement practices that are "perform[ed] with such frequency as to indicate a general business practice." W. Va. Code § 33-11-4(9); see Id. at ¶¶ 12, 18-21.

On August 4, 2017, State Farm filed its motion to dismiss under Rule 12(b)(6), contending that plaintiff's complaint "fails . . . to set forth even minimal facts which would state a claim for an alleged violation of the Unfair Trade Practices Act." Mem. in Supp. of Mot. to Dismiss at 2. The time for briefing on this motion elapsed without response from Ms. Fisher.

II.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 563); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint. . . .'" Erickson, 551 U.S. at 94 (quoting Twombly, 550 U.S. at 555-56); see also S.C. Dept. of Health and Envt'l Control v. Commerce and Indus. Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). The court must likewise "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor. . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). Although "detailed factual allegations" are not necessary, the facts alleged must be enough "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Iqbal, 556 U.S. at 663, 678.

III.

The Unfair Trade Practices Act ("The Act"), West Virginia Code § 33-11-1 et seq., provides a cause of action for unfair trade practices. Section 33-11-4(9) of the Act provides remedies for conduct determined to be unfair claim settlement practices that are "commit[ed] or perform[ed] with such frequency as to indicate a general business practice." To maintain a cause of action under the Act "more than a single isolated violation . . . must be shown" to demonstrate the existence of a "general business practice." Syl. Pt. 3, Jenkins v. J.C. Penney Cas. Ins. Co., 167 W. Va. 597 (1981). When a violation of the Act is based upon an insurance company's conduct in the settlement of a single claim:

> [T]he evidence should establish that the conduct in question constitutes more than a single violation of [the Act], that the violations arise from separate, discrete acts or omissions in the claim settlement, and that they arise from a habit, custom, usage, or business policy of the insurer, so that, viewing the conduct as a whole, the finder of fact is able to conclude that the practice or practices are sufficiently pervasive or sufficiently sanctioned by the insurance company that the conduct can be considered a "general business practice" and can be distinguished by fair minds from an isolated event.

Dodrill v. Nationwide Mut. Inc. Co., 201 W.Va. 1, 13 (1996).

Even accepting all of plaintiff's facts as true, she has not pled the requisite facts to sustain a claim under the Act. Plaintiff makes only a few factual statements in her complaint: (1) that she is a resident of Kanawha County, West Virginia, (2) that State Farm is doing business in West Virginia, (3) that her house was destroyed in a fire on or about May 26, 2015, (4) that she filed a claim with State Farm following the fire, (5) that her losses exceed the policy limits of the fire and casualty insurance policy, (6) that she made "numerous" communications with State Farm regarding her claim, upon which State Farm failed to act reasonably promptly, and (7) that she was not "fully compensat[ed] . . . for the losses sustained by the fire and destruction of her home and contents." See Compl. ¶¶ 1-5, 8, 13. Stripped of the threadbare recitation of portions of the Act and her conclusory allegations, Ms. Fisher's complaint does not adequately allege or demonstrate that State Farm has engaged in a "general business practice" in violation of the Act.

Inasmuch as plaintiff's complaint fails to set forth sufficient factual matter to state a plausible claim against State Farm, it is ORDERED that defendant's motion to dismiss be, and herby is, granted.

The court will permit the plaintiff to file an amended complaint within a limited time, in the absence of which this case will be dismissed with prejudice. Noting that plaintiff's counsel, James M. Pierson, was involved in an accident on October 1, 2017 wherein he sustained several fractured ribs and a collapsed lung, it is further ORDERED that, should she wish to do so, the plaintiff shall file the amended complaint by November 6, 2017. The court takes note that, according to defendant's Notice of Removal, plaintiff has received payments up to the limits of her insurance policy under every provision other than Coverage B, and much of B has also been paid to plaintiff. Accordingly, in filing a motion to amend, the court expects the amended complaint to be limited to claims that reflect the actual issues in the case.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: October 5, 2017

John T. Copenhaver, Jr.
United States District Judge