```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF WEST VIRGINIA
                             AT CHARLESTON
```

**SHAWNA FISHER,**

       **Plaintiff,**

**v.**                                              **Civil Action No. 2:17-cv-3754**

**STATE FARM FIRE AND
CASUALTY INSURANCE COMAPNY,
a foreign corporation,**

       **Defendant.**


## MEMORANDUM OPINION AND ORDER

Pending is the motion to dismiss the amended complaint of defendant State Farm Fire and Casualty Company, filed November 20, 2017.

### I. Factual and Procedural Background

On May 25, 2017, Shawna Fisher, a resident of West Virginia, initiated this action against State Farm Fire and Casualty Insurance Company ("State Farm") in the Circuit Court of Kanawha County for unfair claim settlement practices in the settlement of her claims for the loss of her home and possessions as the result of a fire. See generally Compl. On August 4, 2017, State Farm timely filed notice of removal, invoking this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Not. Removal ¶ 3. That same day, defendant filed its first motion to dismiss. Def.'s Mot. Dismiss ECF No. 3. By memorandum opinion and order on October 5, 2018, the

court granted this motion to dismiss but allowed Ms. Fisher to file an amended complaint by November 6, 2017. Mem. Op. Order ECF No. 11 at 7. On November 8, 2017, two days after the deadline set by the court, Ms. Fisher filed her amended complaint. ECF No. 12.

In its previous memorandum opinion and order, the court dismissed Ms. Fisher's claim because she did not "adequately allege or demonstrate that State Farm has engaged in a 'general business practice' in violation of the Act." Mem. Op. Order 6. The court further noted that Ms. Fisher had been paid up to her policy limits under every portion of her policy except "Coverage B," which covers the loss of personal property, stating that "according to defendant's Notice of Removal, plaintiff has received payments up to the limits of her insurance policy under every provision other than Coverage B, and much of B has also been paid to plaintiff." Id. at 7. The court directed plaintiff to limit the claims of her amended complaint to those "that reflect the actual issues in the case." Id.

The amended complaint states that on May 26, 2015, Ms. Fisher's home and possessions therein were destroyed by a fire. Am. Compl. ¶ 3. Ms. Fisher filed a claim for the destruction of this property under the fire and casualty insurance policy

issued to her by defendant.  Id. at ¶ 4.  She alleges that her losses exceeded the limits of this policy, and that State Farm "has refused to fully compensate [her] for the losses sustained by the fire and destruction of her . . . home [and] contents." Id. at ¶¶ 5, 13.

She now brings two claims.  The first count alleges that "defendant violated their duties described in [the Unfair Trade Practices Act], and specifically violated . . . the provisions of West Virginia Code 33-11-4."  Id. at ¶ 12.  She contends particular harms under W. Va. Code § 33-11-4(9)(b-g), and (m-n) which prohibits unfair claim settlement practices that are "perform[ed] with such frequency as to indicate a general business practice."  W. Va. Code § 33-11-4(9); see Am. Compl. at ¶¶ 12, 16, 18-21.  The amended complaint also includes a second count for breach of contract for the alleged failure of State Farm to pay for the loss of personal property up to the $100,000.00 limit of the contract.  Am. Compl. ¶¶ 36-39.

On November 20, 2017, State Farm filed its motion to dismiss the amended complaint under Rule 12(b)(6), contending that plaintiff's amended complaint "suffers from the same deficiencies as her original complaint in that it lacks sufficient factual matter to state a claim for relief that is plausible on its face."  Def.'s Mot. 1.

3

Plaintiff made no response to the pending motion until December 20, 2018. Pursuant to L.R. Civ. P. 7.1(a)(7), "[m]emoranda and other materials in response to motions shall be filed within 14 days from the date of service of the motion." Thus, plaintiff's response was due on or before December 4, 2018. While "times for serving memoranda may be modified by the judicial officer to whom the motion is addressed," Ms. Fisher sought no extension or modification of time to file such response. L.R. Civ. P. 7,1(a)(7). In its reply, State Farm argues that plaintiff's response should, therefore, be stricken and disregarded as untimely, particularly because plaintiff had seemingly previously disregarded the deadline by which she was to file her amended complaint. Def.'s Reply 2-3.

In this instance, the court excuses the plaintiff's belated filing of both her amended complaint and response to defendant's motion to dismiss, and the court will resolve the pending motion on the merits.

II. Governing Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007). Rule

12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 563); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007).  In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint. . . .'"  Erickson, 551 U.S. at 94 (quoting Twombly, 550 U.S. at 555-56); see also S.C. Dept. of Health and Envt'l Control v. Commerce and Indus. Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)).  The court must likewise "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's

favor. . . ." <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 244 (4th Cir. 1999). Although "detailed factual allegations" are not necessary, the facts alleged must be enough "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." <u>Iqbal</u>, 556 U.S. at 663, 678.

III. Discussion

A. Count I

The Unfair Trade Practices Act ("the Act"), West Virginia Code § 33-11-1 <u>et</u> <u>seq.</u>, provides a cause of action for unfair trade practices. Section 33-11-4(9) of the Act provides remedies for conduct determined to be unfair claim settlement practices that are "commit[ed] or perform[ed] with such frequency as to indicate a general business practice." To maintain a cause of action under the Act "more than a single isolated violation . . . must be shown" to demonstrate the existence of a "general business practice." Syl. Pt. 3, <u>Jenkins v. J.C. Penney Cas. Ins. Co.</u>, 167 W. Va. 597, 280 S.E.2d 252 (1981). When a violation of the Act is based upon an insurance company's conduct in the settlement of a single claim:

> [T]he evidence should establish that the conduct in
> question constitutes more than a single violation of
> [the Act], that the violations arise from separate,
> discrete acts or omissions in the claim settlement,
> and that they arise from a habit, custom, usage, or
> business policy of the insurer, so that, viewing the
> conduct as a whole, the finder of fact is able to
> conclude that the practice or practices are
> sufficiently pervasive or sufficiently sanctioned by
> the insurance company that the conduct can be
> considered a "general business practice" and can be
> distinguished by fair minds from an isolated event.

Syl. pt. 4, Dodrill v. Nationwide Mut. Inc. Co., 201 W.Va. 1, 491 S.E.2d 1 (1996).

The additions to plaintiff's amended complaint now provide a sufficient factual basis to sustain a claim under the Act. Ms. Fisher admits that she has been compensated, at least in part, for the damage to the structure of her home. See Am. Compl. ¶¶ 13, 19, 36-37; see also Not. Removal ¶ 8 (asserting that plaintiff has already been paid up to the limits of her policy for everything other than personal property). Furthermore, Ms. Fisher now supports her claim that State Farm violated the Act as a "general business practice," based not only on her own experience of numerous claims submissions, correspondence, and communications, but also on the similar suits alleging violations of the Act brought against State Farm in both the state and federal courts located in West Virginia. Am. Compl. ¶¶ 8, 13, 15, 25(a)-(h); see, e.g., Lester v. State Farm Fire and Casualty Co., 5:15-cv-12597 (S.D. W. Va. 2015)

(asserting a claim against State Farm for violations of W. Va. Code § 33-11-4(9)) (voluntarily dismissed). In fact plaintiff represents, and defendant does not dispute, that over forty such cases have been filed "alleging similar settlement claims practices." Am. Compl. ¶ 25. That is sufficient at this stage of the case.

The amended complaint now adequately alleges that State Farm engages in unfair claim settlement practices as a general business practice in violation of W. Va. Code § 33-11-4(9) by its failure to adequately compensate Ms. Fisher for the loss of her personal property and by many similar suits making like allegations. Defendant's motion on Count I, inasmuch as it relates to Ms. Fisher's coverage for loss of personal property, is denied. In keeping with the previous order of this court, to the extent that Count I continues to maintain any claim under any other portion of Ms. Fisher's insurance policy, defendant's motion is granted.

### B. Count II

Plaintiff's amended complaint asserts a new cause of action for breach of contract, which contends that the terms of the insurance contract include $100,000.00 in coverage for the loss of personal property, but that State Farm has violated this

8

contract by failing to fully compensate Ms. Fisher for her loss. Am. Compl. ¶¶ 13, 37-38. Defendant has previously represented that Ms. Fisher had coverage of up to $99,572.00 of personal property loss, of which it has already paid $69,731.93. Not. Removal ¶¶ 8-9. Though brief, plaintiff's allegations in Count II raise Ms. Fisher's right to relief on breach of the insurance contract, as to Coverage B, above the speculative level, and defendant's motion as to Count II is denied. In keeping with the previous order of this court, to the extent that Count II attempts to maintain any such claim under any portion of Ms. Fisher's insurance policy other than Coverage B, defendant's motion is granted.

## IV. Conclusion

In accordance with the foregoing discussion, it is ORDERED that defendant's motion to dismiss the amended complaint be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: August 13, 2018

John T. Copenhaver, Jr.
United States District Judge